O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America ) | √**CV 10-9766**-RSWL |
|     Plaintiff/Respondent, ) | CR 04-732-RSWL |
| ) | |
|     v. ) | **ORDER RE: Rule 59(e) Motion for Reconsideration to Alter or Amend Judgment [15]** |
| ) | |
| Ray Maxwell, ) | |
|     Defendant/Petitioner. ) | |

    Before the Court is Petitioner Ray Maxwell's ("Petitioner") Rule 59(e) Motion for Reconsideration to Alter or Amend Judgment [15]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

    The Court hereby **DENIES** Petitioner's Rule 59(e) Motion for Reconsideration to Alter or Amend Judgment [15]. In this Motion, Petitioner requests that the Court reconsider its previous Order denying Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal

1

Custody ("2255 Motion") [14].

In the 2255 Motion, Petitioner challenged the validity of his guilty plea and his current sentence by bringing a claim of ineffective assistance of counsel. Petitioner claimed that because he was under the influence of medications to treat his mental illness at the time of his guilty plea, he was not competent to accept the plea deal or to plead guilty, and his trial counsel rendered ineffective assistance of counsel by allowing him to do so.  Petitioner also requested in the alternative that the Court hold an evidentiary hearing to evaluate whether Petitioner was indeed incompetent at the time of his guilty plea so as to render his guilty plea invalid.  In denying Petitioner's 2255 Motion, the Court found that Petitioner had not asserted a viable ineffective assistance of counsel and was not entitled to an evidentiary hearing.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment previously entered. Fed. R. Civ. P. 59(e).  The term "judgment" as used in the Federal Rules of Civil Procedure includes "a decree and any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an

1  intervening change in controlling law." <u>Zimmerman v.
2  City of Oakland</u>, 255 F.3d 734, 740 (9th Cir. 2001).
3       Upon review, the Court finds that Petitioner has
4  not submitted any new facts or law that were not
5  considered in this Court's previous denial of
6  Petitioner's 2255 Motion.  Moreover, the Court finds
7  that it did not commit clear error in both rejecting
8  Plaintiff's ineffective assistance of counsel and
9  denying Plaintiff's request for an evidentiary hearing.
10 Furthermore, the Court finds that the denial of
11 Plaintiff's 2255 Motion was not manifestly unjust.
12      More specifically, with regards to the evidentiary
13 hearing, the Court finds that the record conclusively
14 disproves Petitioner's claim of incompetence, and an
15 evidentiary hearing is still not required.  <u>See, e.g.</u>,
16 <u>United States v. Meija-Mesa</u>, 153 F.3d 925, 929 (9th
17 Cir. 1998) ("The district court has discretion to deny
18 an evidentiary hearing on a § 2255 claim where the
19 files and the records conclusively show that the movant
20 is not entitled to relief.").
21      Accordingly, Petitioner's Rule 59(e) Motion for
22 Reconsideration to Alter or Amend Judgment is **DENIED**.

24 **IT IS SO ORDERED.**
25 DATED: March 9, 2012

                                    RONALD S.W. LEW
                          _____
                          **HONORABLE RONALD S.W. LEW**
                          Senior, U.S. District Court Judge