UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America )<br>    Plaintiff/Respondent, )<br> )<br>    v. )<br> )<br>Ray Maxwell, )<br>    Defendant/Petitioner. )<br> ) | CV 10-9766 RSWL<br>CR 04-732-RSWL-1<br><br>**ORDER RE: PETITIONER'S PETITION FOR RECONSIDERATION [CR 1072, CV 22]** |

    Currently before the Court is Petitioner Ray Maxwell's ("Petitioner") Petition for Reconsideration [CR 1072, CV 22]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

    The Court hereby **DENIES** Petitioner's Petition.

    On March 27, 2007, Petitioner pled guilty to Conspiracy to Commit Armed Bank Robbery pursuant to 18 U.S.C. § 371, one count of Attempted Armed Bank Robbery and two counts of Armed Bank Robbery pursuant to 18 U.S.C. § 2113(a), and one count of Discharging a

Firearm During a Crime of Violence pursuant to 18 U.S.C. § 924(c)(1)(A)(iii) [CR 544, 556]. This Court sentenced Petitioner to a term of 360 months on May 5, 2008 [CR 883-884].

    On June 23, 2014, the Court issued an Order dismissing Petitioner's February 10, 2014 28 U.S.C. § 2255 motion (the "2014 Habeas motion"), holding that Petitioner's motion was barred by § 2255(h)'s bar against second or successive motions because the Ninth Circuit had not certified that Petitioner's motion contained either newly discovered evidence or a new rule of constitutional law [CR 1070, CV 21]. The Court did so because Petitioner had previously filed a 28 U.S.C. § 2255 motion on December 17, 2010 [CR 1014, CV 1], which was denied on December 9, 2011 [CR 1046, CV 14].

    Petitioner now brings a Petition for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Petitioner claims that the Court misapprehended the issues he raised in his 2014 Habeas motion. Mot. at 1. As such, Petitioner argues that the Court must reopen the proceedings, permit Petitioner to expand the record, and to adjudicate this matter on the merits. Id. at 1-2. Petitioner argues that reconsideration is warranted because the Court's Order stated that it was unclear how Federal Rule of Civil Procedure 7 applied to his 2014 Habeas motion. Id. at 1.

1        Federal Rule of Civil Procedure 59(e) permits a
2   court to alter or amend a judgment previously entered.
3   Fed. R. Civ. P. 59(e).  The term "judgment" as used in
4   the Federal Rules of Civil Procedure includes "a decree
5   and any order from which an appeal lies."  Fed. R. Civ.
6   P. 54(a).  Under Rule 59(e), it is appropriate to alter
7   or amend a judgment if "(1) the district court is
8   presented with newly discovered evidence, (2) the
9   district court committed clear error or made an initial
10  decision that was manifestly unjust, or (3) there is an
11  intervening change in controlling law."  Zimmerman v.
12  City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001)
13  (citing Sch. Dist. No. 1J, Multnomah Cnty v. ACandS,
14  Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
15       Petitioner appears to point out that although he
16  stated in his "Consolidated Alternative Motion" - filed
17  as a Reply to the Government's Motion to Dismiss in
18  response to Petitioner 2014 Habeas motion - that
19  "Fed.R.Civ.Proc. Rule 7 permits the court to expand the
20  record," he in actuality meant Rule 7 of the Rules
21  Governing Section 2254 Cases ("Habeas Rules").  Rule 7
22  of the Habeas Rules states that "[i]f the petition is
23  not dismissed, the judge may direct the parties to
24  expand the record by submitting additional materials
25  relating to the petition."  Rule 7, Habeas Rules.
26  Petitioner urges the Court to consider the affidavit of
27  Silei T. Gago-Maxwell attached to his prior
28  Application.  Mot. at 1-2.

As an initial matter, both of Petitioner's previous habeas petitions were dismissed [CR 1046, 1070, CV 14, 21].[1]  As such, a plain reading of Rule 7 would not allow for the submission of additional materials.  In this case, expanding the record was not necessary for two reasons.  First, Petitioner's 2014 Habeas motion was at least his second attempt to introduce the same evidence regarding his alleged being under the influence of medication at the time of his guilty plea.  See Dkt. ## CR 1014, 1064, CV 1, 17.  As the Court declined to expand the record when Petitioner filed his December 17, 2010 habeas petition, the Court similarly declined to do so with respect to Petitioner's 2014 Habeas motion.  Second, even if Petitioner had submitted newly discovered evidence, as his 2014 Habeas motion was a successive habeas motion, Petitioner was still required to obtain a certification from the Ninth Circuit to contain such newly discovered evidence in order for this Court to have jurisdiction to consider his motion.  United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011) (quoting 28 U.S.C. § 2255(h)).  Petitioner failed to do so and therefore this Court could not consider his motion.

Accordingly, the Court finds that Petitioner has not submitted any new facts or law that were not

---

[1] In fact, Petitioner filed a motion for reconsideration for his original 28 U.S.C. § 2255 motion [CR 1049, CV 15], which was denied [CR 1051, CV 16].

considered in this Court's previous denial of Petitioner's 2014 Habeas motion.  Additionally, the Court finds that it did not commit clear error in rejecting Petitioner's Rule 7 request to expand the record and finding that it did not have jurisdiction to consider Petitioner's successive 28 U.S.C. § 2255 petition.  As such, the Court **DENIES** Petitioner's Petition for Reconsideration [CR 1072, CV 22].

**IT IS SO ORDERED.**

DATED: August 19, 2014

*RONALD S.W. LEW*
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge